[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO ALLOW THE DEFENDANT TO REMAIN IN THE PRETRIALALCOHOL EDUCATION PROGRAM
 FACTS
On June 6, 1996, the defendant, a resident of Amenia, New York, was arrested in Salisbury, Connecticut and charged with operating a motor vehicle under the influence of alcohol in violation of General Statutes § 14-227a. The defendant, at the time of his arrest, refused to submit to a chemical/alcohol test. Consequently, effective as of July 7, 1996, the defendant's Connecticut driving privileges were suspended for a period of one year. CT Page 11492
On July 17, 1996, the defendant appeared before the court and applied for admittance into the Pretrial Alcohol Education Program (hereafter, "AEP"). The defendant was placed under oath and asked whether he had ever been convicted in any other state, at any other time, of an offense, the essential elements of which are the same or substantially similar to General Statutes §14-227a. The defendant stated that he had been involved in two incidents which resulted in arrest, "but that he could not recall with certainty whether or not he was convicted of DUI or drunk driving in New York State." (Defendant's Motion to Remain in Pre-trial Alcohol Education Program, p. 3.) The court, Gill, J., then continued the defendant's case until August 23, 1996 to determine his eligibility for admittance into AEP.
On August 23, 1996, the bail commissioner informed the court that the defendant did not have any out of state DUI convictions, and recommended that the defendant be admitted into the AEP. The application was granted and the defendant's case was continued to August 22, 1997.
On September 19, 1997, the defendant again appeared before the court. As of that date, the defendant had not completed, nor even enrolled, in the AEP classes. The defendant requested that he be granted a further continuance so that he could immediately enroll in and complete the AEP classes. The court, Wiese, J., continued the defendant's case until March 20, 1998 to allow the defendant the additional opportunity to complete the AEP.
After appearing before the court, the defendant proceeded to the office of the bail commissioner to provide updated information. A staff member of the office conducted a phone inquiry to determine whether the defendant had been convicted of any DUI offenses since he was admitted into the AEP in August, 1996. At that time, it was discovered that the defendant had been convicted of DUI in Amenia, New York on June 10, 1991. Upon hearing of his prior conviction, the defendant returned to the court, whereupon the matter was continued to allow the defendant time to research and argue why the defendant's enrollment should be allowed in light of his prior conviction.
The defendant now moves to be allowed to remain in the AEP despite his previous DUI conviction. The state opposes the defendant's motion. CT Page 11493
DISCUSSION
The Pretrial Alcohol Education Program is set forth in General Statutes § 54-56g.[1] The defendant argues that the state of Connecticut is estopped from removing the defendant from the AEP, or, in the alternative, the defendant should be refunded the $350.00 program fee because his enrollment was in reliance upon the state's confirmation of eligibility.[2]
"Under our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom the estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. . . ." (Internal quotation marks omitted.) Chotkowski v.State, 240 Conn. 246, 268, ___ A.2d ___ (1997); Soares v. MaxServices, Inc., 42 Conn. App. 147, 170, 679 A.2d 37 (1996). "It is fundamental that a person who claims an estoppel must show that he exercised due diligence to know the truth and that he not only did not know the true state of things but also lacked any reasonably available means of acquiring knowledge. . . ." (Citations omitted; internal quotation marks omitted.) Chotkowskiv. State, supra, 240 Conn. 268; see Boyce v. Allstate Ins. Co.,236 Conn. 375, 385-86, 673 A.2d 77 (1996); William Raveis RealEstate, Inc. v. Commissioner of Revenue Services,43 Conn. App. 744, 753, 686 A.2d 519 (1996).
"In addition, estoppel against a public agency is limited and may be invoked: (1) only with great caution; . . . and (3) onlywhen special circumstances make it highly inequitable oroppressive not to estop the agency. . . ." (Citation omitted; emphasis added; internal quotation marks omitted.) Chotkowski v.State, supra, 240 Conn. 268-69. "The party claiming estoppel has the burden of proof, and whether that burden has been sustained in a particular case is a question of fact. . . ." (Citation omitted.) Soares v. Max Services Inc., supra, 42 Conn. App. 170.
The court believes that the defendant failed to exercise due diligence to ascertain his prior criminal record. Moreover, even if he had lacked actual current knowledge of his prior DUI conviction, the defendant, as a resident of Amenia, New York, could have conveniently acquired that knowledge. See Boyce v.Allstate Ins. Co., supra, 236 Conn. 386-87 (actions of both plaintiff and defendant put plaintiff on notice that terms and CT Page 11494 conditions of insurance policy would be enforced.) The defendant is in a better position than the bail commission to know whether he had been convicted of DUI in the State of New York. Further, in providing a defendant with an AEP alternative, General Statutes § 54-56g(b) allows the bail commission to rely on the "representations made by the applicant under oath in open court with respect to convictions in other states . . . ." See General Statutes § 54-56g(b).
In addition, the defendant has not shown that he has suffered an injury due to the state's initial failure to discover his out-of-state conviction. In this regard, the defendant would have the court believe that he agreed to waive his right to trial or plead guilty based upon the findings of the bail commissioner. Here, however, despite his agreement to enroll in the AEP, the defendant failed to obtain alcohol counseling. Under the provisions of § 54-56g, when a defendant does not comply with the requirement of AEP, the defendant's case is unsealed, a plea of not guilty is entered by the court, and the matter is immediately set for trial. General Statutes § 54-56g(b). Thus, the defendant is in the same position he was prior to his application to AEP.
Furthermore, "`[o]ne who seeks to prove that he is entitled to the benefit of equity must first come before the court with clean hands.'" Polverari v. Peatt, 29 Conn. App. 191, 202,614 A.2d 484 (1992), quoting Cohen v. Cohen, 182 Conn. 193, 201,438 A.2d 55 (1980). To allow the defendant to estop the state from correcting a previous error, based in part upon the defendant's own representation, would eviscerate the requirement for the application of the doctrine of estoppel that the defendant suffered injury from his reliance upon the other party's statements or actions. Chotkowski v. State, supra, 240 Conn. 268; see William Raveis Real Estate, Inc. v. Commissioner of RevenueServices, supra, 43 Conn. App. 754-55 (plaintiff's reliance on erroneous tax advice did not warrant abatement of taxes due because if correct advice was provided, plaintiff would have paid more in taxes).
CONCLUSION
The defendant's requests to remain in the pretrial alcohol education program or, in the alternative, a refund of the program fee, are denied. CT Page 11495
BY THE COURT
PETER EMMETT WIESE JUDGE, SUPERIOR COURT